UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>v.<br>ALME OTTO,<br><br>        Defendant. | Case No. 4:24-cr-00176-DCN-2<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Alme Otto's Expedited Motion to Amend/Correct Order of Detention (Dkt. 39) asking the Court to overrule United States Magistrate Judge Deborah K. Grasham's denial for pretrial release. Specifically, the Motion asks this Court to revoke or amend the Judge Grasham's detention order issued on November 6, 2024. Dkt. 34. The Government filed a response to the Motion (Dkt. 42) and Defendant filed a reply (Dkt. 44) to that response.

The Court held oral argument on December 4, 2024. Dkt. 45. Ruling from the bench, the Court denied the expedited motion on both grounds raised by the Defendant—(1) that the Judge Grasham erred in finding no conditions of release would reasonably assure Defendant's appearance, and (2) that continued detention violates her constitutional right to care for her newborn child. This written decision supplements that oral ruling.

ORDER DENYING MOTION TO AMEND DETENTION ORDER- 1

## II. BACKGROUND

Otto is charged with Possession with Intent to Distribute Fentanyl in violation of federal law. Dkt. 2. On April 13, 2024, law enforcement officers found 5,000 fentanyl pills and a firearm in a vehicle where Otto was a passenger.[1] Otto admitted to participating in ten prior out-of-state drug runs, obtaining approximately 10,000 fentanyl pills each trip, and knowing about the firearm in the vehicle. At the time of the offense, Otto was on probation in Bannock County. She was federally indicted on July 23, 2024. *Id*. A detention hearing was held on November 6, 2024, where Judge Grasham ordered Otto be detained. Dkts. 33, 34.

Otto was 36 weeks pregnant at the time of the detention hearing. She has an extensive history of failures to appear, probation violations, and new crimes. Otto proposed she be released to the custody of her sister in Pocatello, with conditions such as ankle monitoring and prohibitions on drug use. The Government argued that the jail had adequate procedures for the care of pregnant inmates.

## III. DISCUSSION

Review of a magistrate judge's detention order is de novo. *United States v. Koenig*, 912 F.2d 1190, 1192–93 (9th Cir. 1990). The District Court, however, "is not required to start over in every case[] and proceed as if the magistrate's decision and findings did not exist." *Id.* at 1193. Instead, the court should "review the evidence before the magistrate and

---

[1] The only other occupant of the vehicle was the co-defendant, who was the driver. Otto was in the front passenger's seat.

make its own independent determination whether the magistrate's findings are correct, with no deference." *Id*.

The Federal Rules of Evidence do not apply in pretrial detention proceedings. Fed. R. Evid. 1101(d)(3); 18 U.S.C. § 3142(f)(2)(B). Accordingly, both the government and the defense may present evidence by proffer or hearsay. *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986). Here, the defense proffered that Otto's twin sister would allow Otto to reside with her, make sure Otto got to any court hearings, and make sure Otto did not use illegal drugs during pretrial release. That same proffer was made to Judge Grasham.

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Within that carefully limited exception, the Bail Reform Act authorizes pretrial detention of a defendant after a hearing held pursuant to 18 U.S.C. § 3142(f) and upon a finding "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness by clear and convincing evidence. *See id.* § 3142(f); *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). "[I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," the judicial officer must consider the statutory factors set forth in § 3142(g). Judge Grasham followed this procedure and concluded that this case warranted detention.

ORDER DENYING MOTION TO AMEND DETENTION ORDER- 3

The Bail Reform Act allows a "court having original jurisdiction over the offense" to review a magistrate judge's detention order. *See* 18 U.S.C. § 3145(b). "A district court conducts a de novo review of a magistrate judge's detention order, *Cisneros*, 328 F.3d at 616 n.1, but there is no statutory requirement that the court hold a hearing, *see* 18 U.S.C. § 3145(b)." *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019) (unpublished); *see also United States v. Rudolph*, 582 F. Supp. 3d 804, 808 (D. Colo. 2022) ("*De novo* review . . . does not necessarily mean holding an evidentiary hearing. Although a district court may start from scratch and take evidence, it may also review the evidence that was before the magistrate judge and make its own independent determination . . . .") (cleaned up).

The Court has read the transcript of the hearing before Judge Grasham in its entirety. It has also reviewed the Motion, Response, and Reply filed by the parties. Finally, the Court held a hearing at which facts were proffered and legal argument made.

Otto argued, in her briefings, that the Magistrate Judge erred by: (1) failing to consider whether the government met its burden to show that no conditions of release would reasonably assure the appearance of the defendant and the safety of any other person and the community, and (2) failing to recognize that pretrial detention under the Bail Reform Act of 1984, as applied to Defendant Otto, is unconstitutional.[2]

---

[2] In her briefing, Defendant stated the second argument as the first argument, but at oral argument she flipped the arguments and discussed the failure to meet the burden first. The Court will use the order employed during oral argument.

As to the first argument, Otto claims the Government failed to address the proposed release plan of residing with her twin sister; therefore, the court erred in ordering her detention. The Government argued it addressed the proposed release plan, and Judge Grasham rejected it.

The Court recognizes that Otto has family in the area with whom she can reside and who are willing to try and help her stay drug-free. However, that is simply one factor the Court must consider when considering release. Judge Grasham went over each factor she must consider in detail and determined the weight of all those factors in relation to Otto's current physical condition of being eight months pregnant did not weigh in favor of release but rather in favor of detention. Judge Grasham also stressed that she takes Otto's pregnancy and what she is facing in the coming weeks with giving birth to her daughter very seriously. This Court, after considering the statutory factors, agrees with Judge Grasham.

The Court is denying Otto's burden of proof argument because pregnancy is not a condition that automatically entitles one to release on conditions. *See, e. g., United States v. Fattah*, 351 F. Supp. 3d 1133, 1139 (N.D. Ill. 2019). Instead, the Act, by its terms and structure, requires individual assessment of the history, background, and character of the defendant. Pregnancy is only part of the individual assessment. *Id.*[3] Here, any factors that

---

[3] At least one Court has acknowledged that a defendant's pregnancy presents difficulties and delivering a child while in pretrial detention is far from ideal. However, that court also emphasized that a defendant's pregnancy does not effectively figure into the factors the Court must consider under 18 U.S.C. § 3142(g), at least beyond its effect on a defendant's propensity to flee or to present a danger to the community. *See United States v. Holguin,* 791 F. Supp. 2d 1082, 1089 (D.N.M. 2011).

weigh in favor of pretrial release are outweighed by Otto's history of nonappearances, poor performances on pretrial release and probation, criminal history, and drug abuse. This preponderance of the evidence cannot be overcome by any of the suggested conditions, or combinations of those conditions, and ensure Otto's presence as required. Therefore, the Government met its burden when it provided evidence of Otto's history.

Simply saying Defendant will now comply with all rules and laws does not mean it will happen. Otto was on state probation when she was arrested for the instant offense with a large amount of fentanyl pills in her possession. To qualify for probation, she had to agree to obey the laws and the rules of probation. She did not do so. She has several failures to appear for testing. She used fentanyl on the day of her arrest. As upright of a citizen as her sister appears to be, there is nothing to say that her sister can keep Otto off drugs and away from illegal activity given Otto's personal history. In this case, at least, it is fair to conclude that "past is prologue" and a proper predictive criterion to be employed in determining whether Otto will abide by her present promises.

The Court does not find persuasive Otto's assurances that she will attend all future court ordered events and will refrain from further drug use if only she is allowed to live with her sister subject to electronic monitoring. She has made those assurances before and has failed to live up to them. Therefore, the Court rejects Otto's argument that Judge Grasham failed to properly consider Otto's proposed conditions and specifically finds those conditions are not adequate in this case.

ORDER DENYING MOTION TO AMEND DETENTION ORDER- 6

As to her second argument, Otto asserts continued detention would violate her fundamental liberty interest in the care, custody, and nurturing of her future daughter. She argues this right is "older than the Bail Reform Act of 1984" and "even older than the Bill of Rights." Dkt. 39, at 6. Otto contends that being separated from her newborn due to pretrial detention would irreparably hinder her ability to fulfill the obligations of motherhood and deprive her daughter of the opportunity to bond with her mother. In sum, the argument is that any woman who is under pretrial incarceration must be released upon the birth of her newborn baby, or she is being deprived of her constitutional rights.

The Court sympathizes but cannot agree. Otto does not cite any caselaw that supports this argument. Carried forward to its logical conclusion, this argument would also mean that any man under pretrial incarceration must also be released upon the birth of his newborn baby, or he is being deprived of his constitutional rights to parenthood as well.

Although this is a novel argument, it is not supported by any current caselaw. In fact, in *Bell v. Wolfish*, the United States Supreme Court stated:

> A person lawfully committed to pretrial detention has not been adjudged guilty of any crime. He has had only a judicial determination of probable cause as a prerequisite to the extended restraint of his liberty following arrest. And, if he is detained for a suspected violation of a federal law, he also has had a bail hearing. Under such circumstances, the Government concededly may detain him to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution.

99 S. Ct. 1861, 1872 (1979) (cleaned up). Here, Otto has not provided any evidence of the restrictions and conditions of the detention facility or made any argument that they amount to punishment.

ORDER DENYING MOTION TO AMEND DETENTION ORDER- 7

The Ninth Circuit has also stated:

> In *Morrison v. Jones,* 607 F.2d 1269 (9th Cir.1979), *cert. denied,* 445 U.S. 962, 100 S. Ct. 1648, 64 L.Ed.2d 237 (1980), we held that when county officials removed a mentally ill boy from his mother's custody on the ground that she could not adequately care for him, the mother could bring a section 1983 action for damages to vindicate her "substantive familial rights that have long been considered the 'basic civil rights of man.'" More recently, in *Kelson v. City of Springfield,* 767 F.2d 651 (9th Cir.1985), we held that parents who alleged that school officials negligently allowed their son to commit suicide could maintain a section 1983 action to vindicate "their fundamental parental rights guaranteed by the Ninth Amendment . . . and . . . their right to association with their son guaranteed by the First Amendment." *Id.* at 653. After examining a long line of Supreme Court cases stressing "the importance of familial bonds" and identifying the many times the Supreme Court has interpreted the due process clause to protect the interests of parents "in maintaining a relationship with their children," *id.* at 654, we concluded that "a parent has a constitutionally protected liberty interest in the companionship and society of his or her child."

*Smith v. City of Fontana*, 818 F.2d 1411, 1418 (9th Cir. 1987). Thus, the Ninth Circuit has recognized a constitutionally-protected parent/child right that protects the importance of familial bonds. That said, in the same case, the Ninth Circuit held, "[T]his constitutional interest in familial companionship and society logically extends to protect children from unwarranted state interference with their relationships with their parents." *Id.* at 1418. The key word in that sentence is "unwarranted."

The Court finds nothing unwarranted in the Government's attempt to detain a defendant who has had a grand jury indictment and a detention hearing. The Bail Reform Act allows such a detention if there are no reasonable conditions under which the Government can assure the defendant's attendance at court-ordered events and assure the safety of others and the community. Otto's constitutional argument fails in this instance because she has not shown her detention facility's rules and procedures amount to

punishment in violation of the Constitution. Simply giving birth does not mandate release from pretrial detention.

## IV. CONCLUSION

After a de novo review, the Court comes to the same conclusion as Judge Grasham did; namely, that there are no conditions of release that would reasonably assure Otto's appearance in court and the safety of her baby or others in the community. Accordingly, her Motion must be DENIED.

## V. ORDER

1. Otto's Expedited Motion to Amend the Detention Order (Dkt. 39) is DENIED.

DATED: December 6, 2024

_____
David C. Nye
Chief U.S. District Court Judge